IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LAWANA M. HALE                                            PLAINTIFF

v.              CIVIL NO. 5:17-CV-5177

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                             DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Lawana Hale, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on August 22, 2014, alleging an inability to work since November 1, 2014,[2] due to degenerative disc disease, chronic pain, and a pinched nerve. (Tr. 88, 102, 118, 134). For DIB purposes, Plaintiff maintained insured status through September 30, 2015. (Tr. 88, 102, 118). An administrative

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] At the April 15, 2016, hearing before the ALJ, Plaintiff amended her alleged onset date from August 1, 2014 to November 1, 2014. (Tr. 64).

1

hearing was held on April 15, 2016, at which Plaintiff and a vocational expert testified. (Tr. 63-85).

By written decision dated July 20, 2016, the ALJ found that during the relevant time period, Plaintiff had severe impairments of degenerative disc disease, carpal tunnel syndrome, obesity, and affective disorder. (Tr. 16). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except for the following:

> The [Plaintiff] is limited to occasional climbing, balancing, crawling, kneeling, stooping, and crouching. She is also limited to frequent fingering and handling with the left non[-]dominant upper extremity. She is further limited to simple, routine, and repetitive tasks in a setting where interpersonal contact is incidental to the work performed. She can respond to supervision that is simple, direct, and concrete.

(Tr. 19). With the help of a vocational expert (VE), the ALJ determined that although Plaintiff was unable to perform her past relevant work, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as an addresser, a stuffer, and an escort vehicle driver. (Tr. 24-25). The ALJ concluded that the Plaintiff had not been under a disability, as defined in the Social Security Act, from November 1, 2014, through the date of the decision. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after considering additional evidence submitted by Plaintiff, denied that request on July 14,

2017.³ (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 9). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby

---

³ With respect to the additional evidence from the relevant time period that was submitted to the Appeals Council, the Appeals Council made the following determination, "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." The Court notes that, here, as the Court found in Benoit v. Berryhill, although the Appeals Council denied Plaintiff's request for review and indicated that it did not consider or exhibit the evidence, the Appeals Council's decision reflects that the Appeals Council received the additional records; that it reviewed these records; and that it concluded that these records did not provide a basis for changing the decision of the ALJ. Benoit v. Berryhill, 2018 WL 4554519 *7 (E.D. Mo. 2018).

summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 13th day of February 2019.


/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE